■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAULA BURKE, Appellant.—Judgment unanimously reversed, on the law, and indictment dismissed. Memorandum: The circumstantial evidence against defendant, including the evidence that she had admitted being present in the car outside the residence while it was burglarized by her alleged accomplices, did not establish beyond a reasonable doubt defendant's participation in the crimes. The proof failed to show that

defendant acted with the necessary mental culpability or that she solicited, requested, commanded, importuned, or intentionally aided the others to commit these crimes (Penal Law § 20.00; *People v Perniciaro,* 58 NY2d 751, 753). Defendant's mere presence at the scene of the crimes does not establish her intent to commit them *(see, People v La Belle,* 18 NY2d 405, 411-413). Moreover, since the proof did not negate the possibility that defendant accompanied the others without foreknowledge of the scheme to commit the burglary, it failed to exclude to a moral certainty every reasonable hypothesis other than guilt *(see, People v Way,* 59 NY2d 361; *People v Cleague,* 22 NY2d 363; *People v LaBelle, supra).* (Appeal from judgment of Lewis County Court, Parker, J.—assault, second degree.) Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ.